CLERK'S OFFICE U.S. DIST. COURT
AT DANVILLE, VA
FILED
AUG 28 2007
JOHN F. CORCORAN, CLERK
BY: HMcQ
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| WILLIAM J. MATHIAS, JR.,<br>Plaintiff, | Civil Action No. 7:07-cv-00380 |
| v. | **MEMORANDUM OPINION** |
| SGT. CLAY POOL, et al.,<br>Defendants. | By: Hon. Jackson L. Kiser<br>Senior United States District Judge |

Plaintiff William J. Mathias, Jr., a Virginia inmate proceeding pro se, brings this action pursuant to 42 U.S.C. § 1983, with jurisdiction vested under 28 U.S.C. § 1343. Additionally, Mathias raises claims in his complaint that this court will construe as a petition for writ of habeas corpus, brought under 28 U.S.C. §2254. Mathias alleges that he has been "unlawfully detained . . . since turning himself in [on] December 14, 2006," when he was arrested on "domestic charges involving father and son." Mathias "seeks monetary [sic] for punitive damages and compensatory damages," his "[r]elease from unlawful pretrial detention writ of habeas corpus [sic]," and the "[r]einstatement of [his] SSI disability benefits."

Upon consideration of Mathias's petition, I find that his claims regarding the validity of his confinement must be dismissed pursuant to Rule 4 of the Rules Governing §2254 Cases and, to the extent he seeks damages for his allegedly unlawful confinement, those claims must be dismissed pursuant to 28 U.S.C. § 1915A(b)(1).

### I. 28 U.S.C. § 2254 Petition

Under 28 U.S.C. § 2254(b), a federal court cannot grant a habeas petition unless the petitioner has exhausted the remedies available in the courts of the state in which he was convicted. Preiser v. Rodriguez, 411 U.S. 475 (1973). If the petitioner has failed to exhaust state court remedies, the federal court must dismiss the petition. Slayton v. Smith, 404 U.S. 53 (1971).

The exhaustion requirement is satisfied by seeking review of the claim in the highest state court with jurisdiction to consider the claim. See O'Sullivan v. Boerckel, 119 S. Ct. 1728 (1999). In Virginia, a non-death row felon can exhaust his state remedies in one of three ways, depending on the nature of the claims he is raising. First, he can file a direct appeal to the Virginia Court of Appeals, with a subsequent appeal to the Supreme Court of Virginia if the Court of Appeals rules against him. Second, he can attack his conviction collaterally by filing a state habeas petition with the circuit court where he was convicted, with an appeal of an adverse decision to the Supreme Court of Virginia. Va. Code §8.01-654. Finally, he can exhaust his remedies by filing a state habeas petition directly with the Supreme Court of Virginia. Id. Whichever route the inmate chooses to follow, it is clear that he ultimately must present his claims to the Supreme Court of Virginia and receive a ruling from that court before a federal district court can consider them.

Mathias does not allege that he appealed his conviction nor that he has filed with the Supreme Court of Virginia any state habeas petitions regarding his current confinement. In fact, Mathias submits a letter, dated July 31, 2007,[1] from the Clerk of the Circuit Court of Wythe County, Virginia, which states, in pertinent part: "[P]lease find enclosed a petition for proceeding in [a] civil case without payment of fees or costs that you must fill out and return to us before we can file your writ of habeas corpus." Accordingly, as it is clear that Mathias has failed to exhaust his state remedies, I find that his petition for relief pursuant to 28 U.S.C. § 2254 must be summarily dismissed.[2]

---

[1] This date is the same date upon which Mathias signed and dated the instant complaint.

[2] Petitioner may refile his federal habeas petition if he is still unsuccessful in obtaining relief after presenting his claims to the Virginia Supreme Court through one of the three routes described. Petitioner is advised, however, that his time to file state or federal habeas petitions is now limited. See 28 U.S.C. §2244(d); Virginia Code §8.01-

2

## II. 42 U.S.C. § 1983

To the extent Mathias seeks damages for his allegedly unlawful confinement, Mathias is advised that although he may seek damages under 42 U.S.C. § 1983, such an award can only be made after a only after a showing that his confinement was in fact unlawful. Heck v. Humphrey, 512 U.S. 477, 486-87 (1994). To succeed on such a claim, Mathias must prove that his current confinement was either declared invalid by a state tribunal authorized to make such a determination or called into question by a federal court's issuance of a § 2254 writ. Id. As Mathias has not established that his confinement has been declared invalid by a state tribunal and as this court has declined to issue a § 2254 writ, I find that this claim must be dismissed pursuant to 28 U.S.C. § 1915A(b)(1).[3]

---

654(A)(2).

[3] Regarding Mathias's request that his SSI payments be reinstated, the court finds that such relief is not appropriate. Section 1611(e)(1)(A) of the Social Security Act restricts the payment of SSI payments for any month throughout which a recipient resides in a public institution. See also Schweiker v. Wilson, 450 U.S. 221, 224 (1981); 20 C.F.R. § 416.211 (otherwise eligible recipients "are not eligible for SSI benefits for any month throughout which [recipient is] a resident of a public institution as defined in § 416.201. . . ."); 20 C.F.R. § 416.201 ("Public institution means an institution that is operated by or controlled by the Federal government, a State, or a political subdivision of a State such as a city or county."). When incarceration is for less than 12 consecutive months, the federal Social Security Administration (SSA) considers this a "suspension" and payments should resume soon after the person leaves jail-as long as SSA is informed of the release and the person submits a simple form with evidence showing that he or she again meets the financial requirements. See 20 C.F.R. § 416.1321(b).

The court observes that Mathias has submitted a letter, dated July 26, 2007, from the Bristol, Virginia office of the Social Security Administration that states, in pertinent part:

> As we have informed you in several previous letters, your SSI benefits must remain suspended until all the warrants against you are satisfied AND you are released from jail. SSI benefits may be reinstated after you are released, as long as you still meet all eligibility requirements and provided you are released within **one year** from the date of your last SSI eligibility. . . .
>
> * * *
>
> When you are released, please come to the Bristol, Virginia office . . . and we will take the appropriate action to help you with your SSI benefits. When you come, YOU MUST BRING YOUR OFFICIAL RELEASE PAPERS FROM JAIL.

3

## III. Conclusion

Mathias is advised that he may appeal this court's dismissal of his § 2254 claim, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure, if a circuit court of appeals justice or this court issues a certificate of appealability, pursuant to 28 U.S.C. §2253(c). A certificate of appealability may issue only if the applicant has made a substantial showing of the denial of a constitutional right. §2253(c)(1). Petitioner has failed to demonstrate "a substantial showing of the denial of a constitutional right." Therefore, this court declines to issue any certificate of appealability pursuant to Rule 22(b) of the Federal Rules of Appellate Procedure. See Miller-El v. Cockrell, 537 U.S. 322 (2003); Slack v. McDaniel, 529 U.S. 473 (2000). If petitioner intends to appeal and seek a certificate of appealability from the Circuit Court of Appeals for the Fourth Circuit, his first step is to file a notice of appeal with this court within 60 days of the date of entry of this Order, or within such extended period as the court may grant pursuant to Rule 4(a)(5).

Further, as to Mathias's § 1983 claims, he is advised that he may appeal this decision pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure by filing a notice of appeal with this court within 30 days of the date of entry of this Order, or within such extended period as the court may grant pursuant to Rule 4(a)(5).

ENTER: This 28th day of August, 2007.

*/s/ Jackson L. Kiser*
Senior United States District Judge